```
 1  RANDY S. GROSSMAN
    United States Attorney
 2  BRANDON J. KIMURA
    Assistant United States Attorney
 3  California Bar No. 241220
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 546-9614
    Email: brandon.kimura@usdoj.gov
 6
    Attorneys for the United States of America
```



FILED
JUL 28 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21-cr-01586-JLS |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| JOVANY GALLARDO, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, and Brandon J. Kimura, Assistant United States Attorney, and Defendant Jovany Gallardo ("Defendant"), with the advice and consent of Lupe C. Rodriguez, Jr., counsel for Defendant, as follows:

## I
### THE PLEA

Defendant agrees to plead guilty to Count 1 of the Superseding Information charging Defendant with:

#### Count 1

Beginning at a date unknown to the grand jury and no later than March 6, 2020, and continuing up to and including March 10, 2020, within the Southern District of California, defendants Corinna Thing (charged elsewhere) and JOVANY GALLARDO, did knowingly and intentionally conspire with each other and with other persons known and unknown to the grand jury to distribute 5 grams and more of methamphetamine

(actual), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

A. EARLY DISPOSITION

In return for the concessions made by the Government herein, Defendant agrees further as follows:

1. Defendant will not file any substantive motions (including those described in Fed. R. Crim. P. 12, other than motions seeking bail review); and

2. Upon acceptance of Defendant's guilty plea by the District Court, and not withstanding any preservation order(s) entered by the District Court, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to:

   a. Any cellular device(s);

   b. Any vehicle(s); and

   c. Any controlled substance(s), except sample amounts for confirmatory testing.

B. ~~FORFEITURE~~

~~Defendant agrees that the provisions of the attached forfeiture addendum shall govern forfeiture in this case.~~ *BK*

## II

## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

Count 1

1. There was an agreement between two or more persons to commit the crime of distributing methamphetamine or some other prohibited drug; and

2. Defendant became a member of the conspiracy knowing of its object to distribute methamphetamine or some other prohibited drug and intending to help accomplish that object

In addition, for purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the amount and type of drug

contemplated by the conspiracy was at least 5 grams or more of methamphetamine (actual).

As to the forfeiture, the Defendant understands the Government would have to prove by a preponderance that the properties it seeks to forfeit are proceeds of the offenses, or are firearms and ammunition involved with the offenses.

B. <u>ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS</u>

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. Beginning at a date unknown, but no later than March 6, 2020, and continuing up to and including March 10, 2020, Defendant agreed with co-conspirator Corinna Thing ("Thing") to distribute methamphetamine or some other federally controlled substance within the United States;

2. On or about March 6, 2020, Defendant contacted Thing via cellular phone, requesting approximately four ounces of methamphetamine and Thing assisted in brokering the deal wherein Defendant received the methamphetamine from Thing;

3. On March 10, 2020, Defendant knowingly and intentionally distributed the methamphetamine he received from Thing to another person in San Diego, California, within the Southern District of California.

4. The substance Thing assisted in brokering for Defendant, and that Defendant distributed on March 10, 2020, was 94.6 grams of methamphetamine (actual), a Schedule II Controlled Substance.

**Relevant Conduct**

1. On or about April 29, 2019; Defendant knowingly and intentionally distribute methamphetamine to another person in San Diego, California, within the Southern District of California;

3

Def. Initials ___

2. Specifically, on that date, Defendant distributed 49.1 grams of methamphetamine (actual), a Schedule II Controlled Substance;

3. On or about May 21, 2019; Defendant knowingly and intentionally distribute methamphetamine to another person in San Diego, California, within the Southern District of California;

4. Specifically, on that date, Defendant distributed 46 grams of methamphetamine (actual), a Schedule II Controlled Substance;

5. On or about August 2, 2019; Defendant knowingly and intentionally distribute methamphetamine to another person in San Diego, California, within the Southern District of California;

6. Specifically, on that date, Defendant distributed 91 grams of methamphetamine (actual), a Schedule II Controlled Substance;

7. On or about October 23, 2019; Defendant knowingly and intentionally distribute methamphetamine to another person in San Diego, California, within the Southern District of California;

8. Specifically, on that date, Defendant distributed 54 grams of methamphetamine (actual), a Schedule II Controlled Substance;

9. On or about November 21, 2019; Defendant knowingly and intentionally distribute methamphetamine to another person in San Diego, California, within the Southern District of California;

10. Specifically, on that date, Defendant distributed 199 grams of methamphetamine (actual), a Schedule II Controlled Substance;

11. On or around June 4, 2021, after his arrest for the charges in this case, Defendant escaped from custody at the Lemon Grove Sheriff Sub Station while awaiting transport to the MCC.

//

//

//

4

Def. Initials JG

III

**PENALTIES**

The crimes to which Defendant is pleading guilty carries the following penalties:

Count 1

A. a maximum 40 years in prison, and a mandatory minimum 5 years;
B. a maximum $5,000,000 fine;
C. a mandatory special assessment of $100 per count;
D. a term of supervised release of at least 4 years ~~but no more than 5 years~~ and up to life. [JR] [initials]. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release;
A. Possible ineligibility for certain Federal benefits.

IV

**DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES**

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F. Not testify or have any adverse inferences drawn from the failure to testify.

V

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over

5

Def. Initials [initials]

to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

//

//

6

Def. Initials JG

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by

7

Def. Initials __JG__

statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

# X

## PARTIES' SENTENCING RECOMMENDATIONS

### A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2D1.1(c)(3)] | 34* |
| 2. | Obstruction/Impeding [§ 3C1.1] | +2 |
| 3. | Acceptance of Responsibility [§ 3E1.1] | -3 |
| 4. | Departure for Combination of Circumstances [§ 5K2.0] | -2** |
| 5. | Safety Valve (Variance if applicable) [§§ 2D1.1(b)(17) and 5C1.2] | -2*** |

*Based on approximately 533.7 grams of methamphetamine (actual). If Defendant is determined by the court to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG §§ 2D1.1 & 4B1.1(b)(1).

**The Government reserves the right to reduce its recommended departure if Defendant does not proceed to sentencing on the first date set by the Court, unless the parties agree to a continuance or sentencing is continued on the Court's own motion

8

Def. Initials JC

***If defendant meets the requirements for Safety Valve as provided under USSG §§ 2D1.1(b)(18) and 5C1.2 or meets the requirements under USSG § 5C1.2(a)(2)-(5) and the criminal history requirements as provided in the First Step Act, the United States will recommend the equivalent of a two-level variance of the guidelines.

B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;
2. Falsely denies prior criminal conduct or convictions;
3. Is untruthful with the Government, the Court or probation officer; or
4. Breaches this plea agreement in any way.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553, but may not make any request or recommendation inconsistent with Section X, part F, below. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

//
//

Def. Initials JG

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY/SUPERVISED RELEASE

The parties have no agreement as to Defendant's Criminal History Category or the length or terms of his supervised release other than as provided in this agreement.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government agrees to recommend no more than 120 months' custody.

G. SPECIAL ASSESSMENT/FINE/

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at the time of sentencing.

2. Fine

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H. SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised

Def. Initials JG

release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions is that Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

    1.    Failing to plead guilty pursuant to this agreement;

Def. Initials _JG_

2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of the arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any

Def. Initials  *JB*

evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

Def. Initials \_\_\_\_

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

RANDY S. GROSSMAN
United States Attorney

7/19/22
DATED

BRANDON J. KIMURA
Assistant U.S. Attorney

7/13/22
DATED

LUPE C. RODRIGUEZ, JR.
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

7/13/22
DATED

JOVANY GALLARDO
Defendant

14

Def. Initials JG